**Reversed and Rendered and Memorandum Opinion filed August 2, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-15-00648-CV

## GWENDOLYN JACKSON AND BILLY JACKSON, Appellants

## V.

## CACH, LLC, Appellee

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1049215**

## MEMORANDUM OPINION

In this debt collection case, appellants Gwendolyn and Billy Jackson challenge the trial court's judgment rendered in favor of appellee CACH, LLC after a bench trial. Concluding that CACH failed to present legally sufficient evidence to support the trial court's implied finding that CACH acquired the Jacksons' debt, we reverse and render judgment that CACH take nothing on its claim against the Jacksons.

### *Background*

CACH sued the Jacksons for breach of contract based upon their failure to repay

a debt under an agreement for consumer credit. According to the pleadings, HSBC Bank Nevada, N.A., issued a line of credit to the Jacksons, and they used or authorized use of the line of credit, thereby incurring charges that they failed to pay. The line of credit was cancelled when the Jacksons defaulted in making payments on the account. CACH alleges that it purchased the account with an outstanding balance of $8,886.21.[1]

The trial court admitted, over a variety of objections, Plaintiff's Exhibit 1, a business record affidavit signed by Tom Vigil of CACH. Several documents were attached to the affidavit, including, as relevant to our discussion, the following:

1. A document entitled "Assignment and Bill of Sale" signed by a representative of HSBC Consumer Lending (USA) Inc., stating that it "has entered into an Account Purchase and Sale Agreement . . . [to sell certain accounts to CACH] upon the terms and conditions set forth in that Agreement. . . . Seller hereby sells, assigns, and transfers to [CACH] all of Seller's rights, title, and interest in each and every one of the Accounts described in the Agreement and within Exhibit B, attached hereto, and contained within the electronic media described therein."

2. A page with only the words "EXHIBIT B" in large font in the middle of the page. After that page is a document in different typeface that lists only the Jacksons' account, along with the Jacksons' names, address, and the last four digits of their social security numbers. Another page shows an outstanding balance but no other identifying information. Another three pages follow in another typeface that purport to be a payment history for the subject account. Another page follows, labeled "Recovery Management System— Financial Transactions," listing several charges to the account and outstanding balances at different time periods. There is no indication on any of these documents that they are meant to be the "Exhibit B"

---

[1] Although CACH alleged that the credit line was issued by HSBC Bank Nevada, N.A., the Assignment and Bill of Sale was made by HSBC Consumer Lending USA, Inc., "on behalf of and as managing company for Beneficial Company LLC and HFC Company LLC and their respective subsidiaries." A promissory note admitted at trial reflects the lender as "Beneficial Texas Inc." The interplay of these entities is not relevant to our discussion.

referenced in the Assignment and Bill of Sale.[2]

The Jacksons' counsel objected to the admission of the entire exhibit on the following basis:

> [W]e are not even sure what this document is that they are submitting as Exhibit B. It's not labeled. . . . Those are the only documents that they are using to establish the assignment of the account. . . . Exhibit B doesn't even state what Exhibit B is. . . . [The documents] don't even say where they came from. We believe this does not sufficiently show it was assigned to CACH.

Gwendolyn testified that she signed a promissory note with Beneficial Finance and admitted she did not repay the debt in full. Billy testified that he cosigned on the note but Gwendolyn made the payments. The trial court rendered judgment in favor of CACH.

## *Discussion*

In their first issue, the Jacksons challenge, among other things, the sufficiency of the evidence in support of the trial court's implied finding that the Jacksons' account was assigned to CACH. When an appellant asserts multiple grounds for reversal of the trial court's judgment, this court should first address issues that would require rendition and then, if necessary, consider issues that would result in remand. *See* Tex. R. App. P. 43.3; *Ortega v. CACH, LLC*, 396 S.W.3d 622, 627 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Because sustaining a legal sufficiency challenge would result in rendition of judgment in the Jacksons' favor, we will consider the sufficiency challenge first. *See Ortega*, 396 S.W.3d at 627. We conclude that CACH failed to present legally sufficient evidence establishing its ownership of the Jacksons' account and thus do not reach the

---

[2] There are additional documents in Plaintiff's Exhibit 1 and behind the Exhibit B cover page. It is unclear whether the additional documents are intended to be part of Exhibit B.

Jacksons' other issues.[3]

When we review the legal sufficiency of the evidence following a bench trial, we apply the same standards as in jury trials, viewing the evidence in the light most favorable to any challenged finding and indulging all reasonable inferences in support of the finding.[4] *Gonzales v. Main St. Acquisition Corp.*, No. 14-13-00546-CV, 2014 WL 3002412, at *1 (Tex. App.—Houston [14th Dist.] July 1, 2014, no pet.) (mem. op.) (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005)). When the trial court files no findings of fact and conclusions of law, as here, we imply all findings necessary to the trial court's judgment if they are supported by the record. *See Vickery v. Comm'n for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied). We credit favorable evidence if reasonable factfinders could, and disregard contrary evidence unless reasonable factfinders could not. *Keller*, 168 S.W.3d at 827. "The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id*.

The only evidence presented by CACH regarding its ownership of the Jacksons' account is the Assignment and Bill of Sale. This document purports to transfer HSBC Consumer Lending USA Inc.'s "rights, title and interest in each and every one of the Accounts described in the [Account Purchase and Sale] Agreement and within Exhibit B, attached hereto." The Account Purchase and Sale Agreement was not admitted at trial. As set forth above, immediately following the Assignment and Bill of Sale is a page labeled Exhibit B followed by a document in different typeface that lists only the

---

[3] The Jacksons also challenge the sufficiency of the evidence to establish how the debt balance, interest, and finance charges were calculated and challenge the trial court's admission at trial of CACH's business records affidavit.

[4] Because we conclude that CACH did not present legally sufficient evidence that it owned the Jacksons' account, we address only the legal and not the factual sufficiency of the evidence. *See Kellmann v. Workstation Integrations, Inc.*, 332 S.W.3d 679, 684 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

4

Jacksons' account, along with the Jacksons' names, address, and outstanding balance. However, there is no indication on the document that the Jacksons' account was one of those referenced in the Assignment and Bill of Sale. Other documents were attached that reflect the Jacksons' payment history and outstanding balances, but these documents likewise include no reference to CACH's purchase of the Jacksons' account. Without any evidence that the Jacksons' account was attached to the Assignment and Bill of Sale, CACH did not establish that it had acquired the account. *See Jenkins v. CACH, LLC*, No. 14-13-00750-CV, 2014 WL 4202518, at \*6-7 (Tex. App.—Houston [14th Dist.] Aug. 26, 2014, no pet.) (mem. op.) (concluding that the "Bill of Sale and Assignment of Loans" presented to the trial court failed to establish "the assignment of the account to CACH" and thus constituted "insufficient evidence upon which the trial court could have reasonably rendered a judgment in CACH's favor").

We conclude that CACH did not establish that the Jacksons' account was assigned to CACH and thus the trial court's implied finding that CACH owned the account is not supported by legally sufficient evidence. *See id.* at \*7. Accordingly, we sustain the Jacksons' first issue.

We reverse the trial court's judgment and render judgment that CACH take nothing on its breach of contract claim against the Jacksons.


/s/    Martha Hill Jamison
       Justice


Panel consists of Justices Jamison, Donovan, and Brown.

5